RIZZO ET AL. *v.* STATE
(Three Appeals in One Record)
[No. 49, October Term, 1952.]

*Decided December 12, 1952.*

*Reargument of Constitutional Question Only Ordered as to Salsburg December 12, 1952.*

208

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Herbert Myerberg*, with whom were *Joseph Leiter* and *Louis M. Strauss* on the brief, for the appellants.

*Ambrose T. Hartman, Special Assistant Attorney General*, with whom were *J. Edgar Harvey, Acting Attorney General, Albert J. Goodman, State's Attorney for Anne Arundel County*, and *C. Osborne Duvall, Assistant State's Attorney*, on the brief, for the appellee.

MARKELL, C. J., delivered the opinion of the Court.

These are appeals from judgments and sentences on conviction of bookmaking. Defendants were arrested on warrants charging bookmaking. Before the magistrate the State's Attorney prayed jury trial. In the circuit court the case was tried without a jury. Code of 1951, Art. 52, sec. 14. *Wilson v. State*, 200 Md. 187, 88 A. 2d 564.

Before issuance of the warrants for arrest, and without a search warrant or any warrant at all, members of the Anne Arundel County police force, "upon the advice of the State's Attorney", entered by the use of an axe the rear room of a small two-room building in the rear of Roland Terrace Garage, at the intersection of Third Street and Governor Ritchie Highway. There the officers arrested defendants and seized "incriminating evidence" [appellants' brief], the nature of which is not specified in either brief or appendix. There were three telephones there, and three telephone wires lead-

ing in. Motions of each defendant that "the articles, items and property enumerated in the return of the police as taken from the premises of your defendant, and all other property of the defendant in custody of the State taken from this defendant * * * be returned to your petitioner" were overruled. Presumably (it does not affirmatively appear) the articles seized were admitted in evidence.

As amended by Chapters 704 and 710 of the Acts of 1951 [approved May 7, 1951, effective June 1, 1951], the Bouse Act (Code of 1951, Art. 35, sec. 5) contains a proviso, "Provided, further, that nothing in this Section shall prohibit the use of such evidence in Anne Arundel, Wicomico and Prince George's Counties in the prosecution of any person for a violation of the gambling laws as contained in Sections 303-329, inclusive, of Article 27, sub-title 'Gaming', or in any laws amending or supplementing said sub-title." As to Anne Arundel County this proviso was added by Chapter 704, as to Wicomico and Prince George's by Chapter 710. Defendants contend that Chapter 704 denies them the equal protection of the laws and is unconstitutional. The State contends that the act is constitutional, and also that defendants had no title or interest in or to the premises searched and therefore no right to complain of the search and seizure as illegal.

There is no evidence—and no allegation other than any implication in mention of "the premises of your defendant" in the unsworn petitions for return of property seized—that defendants Rizzo and Nicholson had any interest in the premises. Defendants say it is sufficient that they claim the property seized. They cite *United States v. Jeffers*, 342 U. S. 48, 72 S. Ct. 93, and the often repeated statement of this court that "one cannot complain of an illegal search and seizure of premises *or* property which he neither owns, nor leases, nor controls, nor lawfully occupies, nor rightfully possesses, or in which he has no interest." [Italics supplied]. *Baum v. State*, 163 Md. 153, 157, 161 A.

210

244, 245. Although this statement in the *Baum* case was believed to be supported by many cited state and federal cases, including one Supreme Court case, it appears that recent Supreme Court cases recognize a broader right to complain. *United States v. Jeffers,* 342 U. S. 48, 72 S. Ct. 93, citing *McDonald v. United States,* 335 U. S. 451, 456, 69 S. Ct. 191, 93 L. Ed. 153. In the *Jeffers* case narcotics seized without a search warrant in a hotel room of defendant's aunts, in the absence of defendant and his aunts, were ordered suppressed as evidence, though not returned to defendant because they by law were contraband. The decision was not based on the ground that the seizure was illegal, though the search was not (as to the defendant), but on the ground that "the search and seizure" were "incapable of being untied", and therefore were an invasion of the defendant's rights, though he had no interest in the premises. We need not further pursue the *ratio decidendi* in the *Jeffers* case. If it supports defendants' contention in the instant case, it is contrary to the often repeated statement of this court in the *Baum* case.

We are not infrequently reminded by counsel of our statement in *Wood v. State,* 185 Md. 280, 285, 44 A. 2d 859, 861, that "The Bouse Act and the Act of 1939 amount to adoption *pro tanto* of the Supreme Court decisions under the Fourth Amendment." The context shows that the extent of *pro tanto* was the meaning of "illegal search and seizure" as dependent upon want of "probable cause".

In the instant case defendants were convicted on a charge of "making or selling a book or pool on the result of a running race of horses". "Incriminating evidence" to support that charge necessarily showed that defendants were "using and occupying" the building for bookmaking, an offense committed in the officers' presence. Since, therefore, defendants Rizzo and Nicholson could not complain that the search of the premises, in which they had no interest, was illegal, the arrest of

them without a warrant and seizure of this evidence was not unlawful as to them.

Defendant Salsburg testified that he rented the premises by an oral lease, at $50 a month, for no definite term, from a named owner, and that he paid the rent to the owner in cash. This testimony was uncorroborated but uncontradicted. It was received by the judge with evident suspicion, but the judge did not say that he did not believe it or that he overruled Salsburg's motion to return on that ground. We cannot hold that the judge (who saw the witness) could not believe Salsburg's testimony and should have overruled his motion on that ground. The fair implication, in the absence of anything to the contrary, is that the motions were overruled because the act was held constitutional and not because Salsburg had no right to raise the question. *Cf. Lambert v. State,* 196 Md. 57, 61, 75 A. 2d 327, 328.

In *Sugarman v. State,* 173 Md. 52, 57-58, 195 A. 324, 326, we held that a motion, before trial, to declare a search warrant null and void and to suppress use of the articles seized as evidence and compel return of them was "founded upon no statute of this State", nor "supported by precedent to justify its propriety." In *Smith v. State,* 191 Md. 329, 334, 62 A. 2d 287, 5 A. L. R. 2d 386, and in *Asner v. State,* 193 Md. 68, 73, 65 A. 2d 881, 883, we noted that such a motion to quash a search warrant is now authorized by statute. Code of 1951, Art. 27, sec. 328. In the instant cases the motions made are not authorized by statute, but are closely analogous to motions to quash. Rule 3(1) of the Criminal Rules of Practice and Procedure provides that, "Any defense or objection which is capable of determination without the trial of the general issue may be raised before trial by motion." Rule 3(4) provides that, "A motion before trial raising defenses or objections shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue." In the instant cases the court did dispose before trial

of the questions thus raised. This rule includes the motions in the instant cases.

The question of the constitutionality of Chapter 704 is therefore presented for decision in Salsburg's case. We have decided to order a reargument on this constitutional question alone in Salsburg's case. For the reasons already stated, the judgment will be affirmed as to Rizzo and Nicholson.

> *Judgment affirmed with costs as to Rizzo and Nicholson. Reargument of constitutional question only ordered as to Salsburg.*