## MARTELLY *v.* STATE

[No. 91, September Term, 1962.]

*Decided January 10, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Jean F. Dwyer,* with whom was *Alden W. Hoage* on the brief, for appellant.

*Russell F. Reno, Jr., Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Leonard T. Kardy* and *Alfred Burka, State's Attorney* and *Assistant State's Attorney,* respectively, for Montgomery County, on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

Appellant, Louis J. Martelly, was sentenced to imprisonment after being convicted by a jury in the Circuit Court for Montgomery County under an indictment charging him with having possessed and had under his control a narcotic drug. On this appeal he contends that the trial court was in error in denying his motion to suppress certain evidence on the ground that it was produced by an unlawful search and seizure, and that in

any event the trial court should have granted his motion for a judgment of acquittal because, he says, the evidence was insufficient to support the jury's verdict of guilty.

The evidence is substantially undisputed. On April 7, 1961, several police officers entered appellant's barber shop and placed him under arrest. They had in their possession a warrant for his arrest, issued on the preceding day, charging him with a petit larceny committed in a department store some weeks earlier. After advising appellant that he was under arrest, one of the officers, following what he said was normal procedure upon an arrest, searched appellant's person for weapons, and removed from his shirt pocket a plastic bottle containing 22 tablets which appellant admitted were dolophine, a narcotic drug. There were two prescription labels, from different drug stores, pasted on the bottle. Upon being informed by one of the officers that he was known to be a user of narcotics as the result of an extensive surveillance of his shop, appellant went to the rear of the shop, removed a box containing a syringe and a hypodermic needle from behind the toilet, and handed it to the officers. A further search by the officers, made with appellant's consent, produced another hypodermic needle and an eyedropper from the top of a mirror and a number of empty bottles bearing dolophine prescription labels from behind the mirror. The officers had no search warrant.

Prior to trial of the case appellant filed a motion pursuant to Maryland Rule 725 to suppress the evidence taken from his person and shop at the time of his arrest, which was denied. At the trial, however, the same evidence was admitted under the following circumstances. When the Assistant State's Attorney offered in evidence the plastic bottle taken from appellant's person, the hypodermic needle and syringe, and the envelope containing these items, appellant's counsel (who is not counsel on this appeal) said, "No objection". Thereupon, the narcotic tablets which had been contained within the plastic bottle, and the eyedropper with hypodermic needle, were offered in evidence without objection. Later, the two prescriptions corresponding to the two labels on the plastic bottle were offered, and defense counsel again said, "No objection". Finally, when the empty prescription bottles removed from be-

hind the mirror in the barber shop were offered in evidence, the court asked defense counsel whether he had any objection, to which the latter replied, "No objection, Your Honor".

In addition to the items thus admitted into evidence, the State produced a chemist who testified that his analysis showed that the contents of the bottle found in appellant's shirt pocket were tablets each containing seven and one-half milligrams of dolophine, although the two labels on the bottle and the underlying prescriptions each called for dolophine tablets of ten milligram strength. The druggists who filled the prescriptions were not called. Although appellant did not take the stand, he introduced a deposition given by his physician in the presence of the State's Attorney and defense counsel in which the physician stated that he had treated appellant for a kidney infection for more than a year and had given him prescriptions for dolophine at the rate of approximately one prescription per week, but that the last was written for appellant in March, 1961, although the specific day was not mentioned.

In the motion to suppress evidence appellant claimed that the evidence was the fruit of an unlawful search and seizure because it was not obtained under a search warrant or as incident to a lawful arrest, and hence was inadmissible. He makes the same contention on this appeal. The fact that the police officers had no search warrant is not disputed. As to the arrest, appellant asserts its illegality (and consequent ineffectiveness to support the search and seizure) on the ground that the arrest warrant, charging him with the theft of an item from a department store, was merely a colorable device by which the police sought to gain entry to his premises and make a search in an effort to obtain evidence with which they could charge him with a violation of the narcotics law. This claim is based on the fact that the police admitted that appellant had been under observation for more than a month as a suspected violator of the narcotics law, and yet no search warrant had been issued. In addition, appellant claims that the item which he is alleged to have stolen had already been recovered from another person. (It may be noted, however, that the affidavit made by the department store representative in applying for the arrest warrant against appellant identified the latter as a person who

was accompanying the alleged shoplifter at the time of the alleged theft.) Appellant cites *Riley v. State,* 179 Md. 304, 18 A. 2d 583 (1941), for the proposition that "a search made solely to adduce evidence with which to charge a defendant cannot be upheld", and several United States Supreme Court cases, such as *United States v. Lefkowitz,* 285 U. S. 452, 52 S. Ct. 420 (1932), which hold that under arrest warrants exploratory and general searches are unlawful.

The State maintains, on the other hand, that the arrest warrant was *bona fide* and valid; that the seizure of the bottle of dolophine tablets from appellant's shirt pocket was incident to a lawful arrest, so that no search warrant was required for that item; and that the other items placed in evidence were not taken as the result of a search and seizure because they were obtained with the express consent of appellant. The principal contention of the State, however, is that the admissibility of the disputed evidence is not properly before this Court, not only because appellant failed to object to its admission at the trial, but, more importantly, because he stated affirmatively that he did not object. This definite acquiescence to the admission of the evidence, the State says, operated as a waiver which precludes raising the point on this appeal.

We think the State's position as to waiver is sound. This is not a case where an accused simply failed to object to allegedly inadmissible evidence, but is one where counsel for the accused specifically stated, repeatedly, that he had no objection to its introduction. At the trial, the defense was predicated upon the theory that the narcotic drug had been prescribed by a doctor and that the accused was in possession of it lawfully, and apparently for that reason defense counsel assented to the introduction of the now disputed evidence. This, plainly, was a trial tactic which we will not review. *Woodell v. State,* 223 Md. 89, 162 A. 2d 468 (1960). As was said in *Madison v. State,* 200 Md. 1, 8-9, 87 A. 2d 593 (1952), where as a matter of trial tactics certain objections were not made during the trial, this Court is "without authority to review errors in trial tactics of defense counsel or to speculate as to possibilities that different tactics might have produced a different result."

At argument before us appellant maintained that the motion which he filed to suppress the evidence before trial of itself preserved the issue of the admissibility of the evidence at the subsequent trial and on this appeal. Apparently the theory is that under Maryland Rule 725 b the motion raised a defense capable of determination before trial (see *Rizzo v. State,* 201 Md. 206, 93 A. 2d 280 (1952), involving a motion for return of seized articles, and *J. & H. Stables, Inc. v. Robinson,* 221 Md. 365, 157 A. 2d 451 (1960), dealing with a motion to quash a writ of summons), and that therefore the order of the lower court denying the motion was an interlocutory order open to review, under Rule 887, upon this appeal from the final judgment. *Asner v. State,* 193 Md. 68, 65 A. 2d 881 (1949), was pointed to as authority for the proposition that a motion to quash a search warrant (akin to the motion to suppress evidence in the instant case), denied by the lower court before trial, preserved the question of the admissibility of the evidence at the trial and on appeal. At the trial of that case the State asked a police officer what he had found when he searched Asner. Asner objected and the objection was overruled, but it developed that this officer was not the one who had made the search. The searching officer took the stand and was asked the same question, to which no objection was made. The officer proceeded to testify, and the fruits of the search were admitted in evidence. On appeal, the State contended that the defendant's failure to object to the second officer's testimony operated as a waiver of the right to raise the question on appeal. This Court held that the defendant had sufficiently preserved the issue "by his motion to quash, *reiterated by his first objection*" at the trial. (Emphasis supplied.)

At least two important distinctions between the *Asner* case and the instant one are apparent. In *Asner,* the defendant's objection to the evidence was definitely called to the court's attention at the trial (although not reiterated) ; and, in that case, there was no explicit acquiescence, as in the case before us, to the introduction of the evidence. Apparently, the decision in *Asner* was predicated on the fact that if objection had not been made *at the trial,* the result would have been otherwise, although the Court did not find it necessary to decide the pre-

cise point, as we do not here. For cases from other jurisdictions involving the necessity, *vel non,* of objecting at trial to the admission of evidence which had been the subject of a denied pre-trial motion to suppress, quash, etc., see Anno. 50 A.L.R. 2d 531, at pp. 591-592. See also *Keen v. Overseas Tankship Corp.,* 194 F. 2d 515 (2 Cir. 1952), cert. den. 343 U. S. 966, 72 S. Ct. 1061; *Green v. Reading Co.,* 183 F. 2d 716 (3 Cir. 1950). Likewise, in view of the express waiver in this case, we find it unnecessary to decide whether a pre-trial motion to suppress amounts merely to an objection to the evidence which is waived by a later failure to object to the same evidence, as in *Forrester v. State,* 224 Md. 337, 167 A. 2d 878 (1961); *State Roads Comm. v. Bare,* 220 Md. 91, 151 A. 2d 154 (1959), and *Edmondson v. State,* 230 Md. 66, 185 A. 2d 497 (1962).

As might be expected, cases involving an express waiver at trial following a denial of a pre-trial motion to exclude evidence are meagre. The case of *Lawn v. United States,* 355 U. S. 339, 78 S. Ct. 311 (1958), however, is closely analogous to the case before us. In that case, involving a prosecution for conspiracy to violate and violation of the internal revenue laws, the defendant made a pre-trial motion to suppress certain evidence—a photostatic copy of a canceled check and its corresponding stub—on the ground that its use would deprive him of due process in violation of the Fifth Amendment because they were government-made copies of documents obtained from him in an earlier grand jury proceeding. This motion was denied. At the trial of the case defendants' counsel, after using the check and stub to bolster the defense, specifically said that he had "no objection" to the admission of these exhibits in the prosecution under the indictment upon which he was being tried. The Supreme Court, under the facts of that case, held that counsel had "consciously and intentionally waived any objection to their receipt in evidence" by stating that he had "no objection".

We hold that appellant's express waiver of objection to the admission of the evidence now in question was tantamount to a withdrawal of his previous motion to suppress, and that consequently the issue of admissibility is not now before us.

To hold otherwise would be to say that a defendant could not change his mind and affirmatively consent to the admission of the evidence at trial. It is settled law that when an accused is present in court and represented by competent counsel, he is bound by the actions and concessions of counsel, and that even constitutional rights may be waived in the course of a trial. *Canter v. State,* 220 Md. 615, 155 A. 2d 498 (1959). Cf. *Hutcheson v. United States,* 369 U. S. 599, 82 S. Ct. 1005 (1962). Thus we find it unnecessary to determine whether or not the warrant for the arrest of appellant and the consequent search and seizure were valid. "It is clear that a waiver as to evidence illegally obtained operates with full effectiveness and results in the evidence admitted being given the same probative force as if it were competent." *Martin v. State,* 203 Md. 66, 73, 98 A. 2d 8 (1953).

Appellant's other contention is that the State did not produce sufficient evidence to support the jury's verdict of guilty. Appellant conceded that he had a narcotic drug in his possession at the time of his arrest. Code (1957), Art. 27, Sec. 277, provides that it is a crime to possess such drugs, "except as authorized in this subtitle." The only possible exception available to appellant in the statute is that contained in Sec. 289, permitting possession of a drug prescribed by a physician if it is in the container in which it was delivered to the possessor by the person selling or dispensing it. However, we think the jury had before it sufficient evidence from which it could reasonably infer that appellant did not come within this exception.

The plastic bottle taken from appellant's person contained two labels referring to prescriptions for dolophine tablets of 10 milligram strength. These prescriptions were signed by his doctor and presumably were among those which the physician said he gave to appellant for a kidney infection. However, the testimony of the chemist who analyzed the tablets found in the bottle showed that they were of 7½ milligram strength, thus not corresponding to either prescription. Although appellant argued that it would be possible to attribute the discrepancy to mistake or deliberate "short-changing" on the part of the druggist, the weight of, and the inferences to be drawn from the discrepancy were matters for the jury to determine, and we cannot say that

its obvious conclusion that appellant had placed illegally obtained tablets in the bottle was not justified. There was also the testimony of the doctor, who stated that he last prescribed dolophine for appellant in March, 1961, the month preceding the arrest. This testimony, when considered in connection with the doctor's statement that appellant needed a prescription each week during the period from 1959 to March 1961, while appellant was under his treatment, and with appellant's own admission that he was addicted to, and a constant user of the drug, would appear to render highly improbable an inference that he would have 22 tablets of his prescription left at least a week after it was given (assuming that the March 1961 prescription referred to, but not elaborated on, was issued at the end of the month—this being most favorable to appellant).

Since this case was tried before a jury, "To overturn the judgment in this Court for insufficiency of the evidence * * * it would be necessary to show that there was no legally sufficient evidence from which the jury could find * * * [the defendant] guilty beyond a reasonable doubt." *Wright v. State,* 222 Md. 242, 247, 159 A. 2d 636 (1960). We do not think the appellant has met that burden.

*Judgment affirmed, with costs.*