# FARROW *v.* STATE

[No. 85, September Term, 1963.]

528

*Decided February 17, 1964.*

The cause originally was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ., and reargued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ., and GRAY, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Russell J. White* (on both arguments) for the appellant.

*Robert L. Karwacki, Assistant Attorney General* (on both arguments), with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for the appellee.

GRAY, J., by special assignment, delivered the opinion of the Court.

The appellant was convicted in the Criminal Court of Baltimore (Harris, J.) on a charge of assault with intent to rape and two cases of assault involving a perverted sex practice. On this appeal, in addition to other contentions, he challenges the admissibility of certain evidence which was taken from him at the time of his arrest. It is claimed by the state that the defendant entered the business premises where the prosecuting witness was employed as a secretary, held her up at knife point and compelled her to forge a dozen of her employer's checks, payable to the defendant. There was evidence that after leaving the premises he cashed one of the forged checks, embarked on a drinking bout and some three hours later returned to commit the alleged assaults. He escaped from the premises upon being interrupted by an owner of the business. Subsequently he was arrested in Anne Arundel County in response to a "look out" broadcast by Baltimore City police. At the time of his arrest, or in connection therewith, he was searched and there were found in his possession and offered in evidence at the trial, a pocket knife and a series of the forged checks. No warrant was issued for the defendant's arrest. He now contends that his apprehension was without probable cause, consequently his arrest was unlawful and that the evidence discovered on him should be suppressed.

The principles here involved are the same as those considered by the Court in the case of *Edwardsen v. State,* 231 Md. 332. In that case the conviction was reversed and a new trial ordered because the record below was so unsatisfactory that it was impossible to determine whether the appellant had been arrested for probable cause. We adhere to the principles enunciated for the Court in that case by Judge Prescott but conclude, on the facts established by this record, that there was probable cause for the apprehension of Farrow.

It is elementary that where there is a lawful arrest the arresting officer may lawfully conduct a search of the person apprehended and of his immediate surroundings.

"\* \* \* Moreover, where circumstances make an arrest without a warrant lawful, it is permissible, as an incident to the arrest, to search the person of the suspect and to take into custody and examine the tangible evidence or instruments of the crime, whether upon his person or within his present or immediate possession." *Mulcahy v. State,* 221 Md. 413, 422.

Where weapons or incriminating articles are uncovered during this search, they may be offered in evidence if relevant to the trial. Such an arrest and search may be made by an officer where a misdemeanor is committed in his presence and it may also be made where there is reasonable ground to believe that a felony has been committed and there is a reasonable basis to believe that the person arrested participated therein. Such an arrest need not be predicated upon personal knowledge of the arresting officer. In the case of *Shorey v. State,* 227 Md. 385, 388, the Court disposed of this contention as follows:

"The appellant further contends that he was arrested without a warrant and that the articles of clothing taken from his room were improperly admitted in evidence. In arresting a person whom the police may reasonably suspect of committing a felony, they may do so on the basis of information received from a third person. See *Mulcahy v. State,* 221 Md. 413, 421-423, and cases cited. \* \* \* As an incident of a lawful arrest, they may search his person and the immediate premises."

In *Mapp v. Ohio,* 367 U.S. 643, the Supreme Court held that the state courts were required by the United States Constitution to bar the use of evidence obtained in violation of Federal constitutional guarantees against unreasonable searches and seizures. Prior to this decision the Courts of Maryland had consistently held that evidence otherwise relevant and competent could be received in a criminal court whether or not some constitutional guarantee had been breached in its obtention. This principle was modified by the so-called "Bouse Act", Article 35, Section 5 of the Code, which excluded from the trial

of misdemeanors (with some exceptions) evidence which had been obtained in violation of enumerated constitutional safeguards. The effect of the *Mapp* decision, *supra,* is to make inadmissible evidence which was obtained on the occasion of a defendant's arrest in violation of his security against an unreasonable search or seizure. This becomes important in many cases because frequently a person charged with a felony may be arrested without a warrant. Nevertheless, if there was probable cause for his arrest in connection with a felony and his arrest is lawful, a search incident thereto is proper and evidence uncovered in connection therewith may be properly received in evidence. The difficulty is that not always in the trial of a case does it become apparent that there was probable cause for the arrest of the defendant. The test here, we think, is whether at the time Sergeant Rawlings broadcast his "look out" for the defendant by a description, including the license tag for his car, the police then had reasonable grounds to believe that the prosecuting witness in this case had been attacked and that there was reasonable ground to believe that the defendant was the culprit. The defendant was known to the prosecuting witness because he had previously worked for her firm and she had interviewed him in connection with payroll matters. While the record is unclear as to just what was said by her to the police when they first reached her, there would seem to be a fair inference that she told them about the assault and what she knew concerning the identity of her assailant. Certainly Mr. Dukes, who interrupted the assault, recognized the defendant and informed Sergeant Rawlings of his identity. On page 76 of the extract while Sergeant Rawlings was under cross-examination the following appears: "I take it you got the information that led you down to the defendant's home from Mr. Dukes, is that right? A. Yes sir, I heard what Mr. Dukes had to say, plus what the officers filled in." When Sergeant Rawlings, after interviewing defendant's wife, thereafter broadcast the description of the defendant and his automobile and advised that he was wanted by the Baltimore City police for rape and other crimes, we think it is clear that he had probable cause to do so. The officers in Anne Arundel County who made the arrest knew nothing about the probable cause but

they had received a "look out" for the defendant from a responsible source and we think that is sufficient. If the police team working on the particular case had accumulated sufficient information to furnish probable cause for a reasonable man to believe that the alleged crime had been committed and that there was probable cause to believe that the defendant was involved therein, there was sufficient cause for his arrest.

In the recent case of *Davis v. Warden*, 232 Md. 670 (a post conviction application) an officer en route to a burglary alarm saw two men run into an alley nearby where they were apprehended and searched. This was held to afford probable cause.

In view of the strength of the inferences in the present case which we have set forth above, we find no error in the trial court's reaching the conclusion that the defendant's arrest was lawful and that evidence obtained through a search incidental to the arrest was admissible. Inferences are not always so strong as they are here; and when questions such as we have in this case arise, we think it proper, and the preferable practice, that the information upon which the police officers acted should be given in evidence, so that the trial judge can determine whether the officers had, at the time of the arrest, reasonable grounds to believe that a felony had been committed and that the person arrested had committed it, and so that, in the event of an appeal, this determination can be intelligently reviewed. See *Edwardsen v. State*, 231 Md. at 336-37. We note that in many cases coming before this Court where the lawfulness of an arrest and of a search incidental thereto are in issue, direct evidence to show the basis upon which the arresting officers acted either is not offered at all, or is alluded to guardedly as "information received" or in some other and equally uninformative manner (doubtless designed to avoid an objection that it is hearsay), or is actually excluded as hearsay. On the question of the guilt or innocence of the defendant it clearly is hearsay and hence is inadmissible; but on the issues of probable cause and the lawfulness of arrest and of the admissibility of evidence obtained through any search made in connection with the arrest, such testimony, even if hearsay, is

directly relevant and is admissible. Therefore, the determination of the admissibility of evidence which is dependent upon the lawfulness of an arrest should be made by the trial judge as a preliminary matter quite apart, of course, from the question of the guilt or innocence of the accused; and if the case is being tried before a jury, such a matter should be heard out of the presence of the jury. Such a question may be raised, before trial by a motion to exclude any evidence claimed to have been improperly obtained. Maryland Rule 725 b and c; *Rizzo v. State,* 201 Md. 206. Cf. *Asner v. State,* 193 Md. 68. See also *Martelly v. State,* 230 Md. 341, 346-48, where a motion before trial to suppress evidence was in effect withdrawn by the defendant's trial counsel's express waiver of objection to the admissibility of the same evidence when offered at the trial.

The defendant challenges his conviction of assault with intent to commit the crimes of rape and buggery. This contention is based upon the direct testimony by the prosecuting witness that these substantive crimes were, in fact, committed by the defendant. However, this contention completely ignores the fact that there was substantial testimony offered by the doctor to the effect that there was no emission and perhaps no penetration. The jury might well have concluded that the state had not met the burden of proof required to establish the substantive crimes charged. There was evidence to establish the attempts.

The defendant also challenges the weight of the evidence contending that the testimony of the prosecuting witness was in many respects unworthy of belief and that the jury's verdict should have been for the defendant. We are not impressed with this contention because the defendant elected a jury trial and it was the jury's responsibility to determine the facts in the case. There was certainly enough evidence if believed by the jury, as it undoubtedly was, to have justified the verdict of guilty.

*Judgment affirmed.*