## SAWYER *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 116, September Term, 1963.]

*Decided April 17, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HAMMOND, J., delivered the opinion of the Court.

On April 2, 1962, Norfleet Sawyer, the applicant for leave to appeal, and an accomplice, Ricardo Cortez Espin, were convicted of robbery with a deadly weapon (having bludgeoned a cab driver with a hammer and made off with about twenty-five dollars) by Judge Manley, sitting without a jury in the Criminal Court of Baltimore, and each was sentenced to twenty years in the Maryland Penitentiary. Sawyer and Espin appealed, questioning the sufficiency of the evidence, and we affirmed their convictions. *Espin v. State,* 230 Md. 298.

Sawyer filed a petition under the Uniform Post Conviction Procedure Act in June 1963, alleging that (1) his arrest was illegal, (2) evidence illegally seized was introduced against him at trial, and (3) the indictment under which he was tried was defective in that it attributed ownership of the money stolen to the cab driver rather than to the company by which he was employed, and the money actually belonged to the company. In addition, at the hearing on Sawyer's petition, conducted by Judge Grady, the applicant claimed that he was not adequately represented by counsel at trial. The defendants were indigents and one attorney was appointed by the court to represent them both. Sawyer claimed that a conflict of interest existed between himself and Espin because Espin confessed to the crime and he denied participation.

Following a hearing on October 3, 1963, the applicant's petition was dismissed and he made application for leave to appeal.

Passing the fact that Sawyer at his original trial in 1962 did not object to the introduction of the evidence of which he now complains, the short and complete answer to Sawyer's first and second contentions is that the police did not gain possession of the two items of tangible evidence introduced by the State at trial (the hammer used to strike the cab driver and the driver's money bag) as a result of a search incident to his arrest. The money bag was found on the street not far from the point where the robbery occurred and the hammer was picked up "in front of 758 George Street" where policemen cruising in a car, who had received notice of the crime and a description

of the perpetrators over their radio, first noticed Sawyer in a "crouched position beside a pair of steps." (The officers chased him into a vacant house and, when they found him hiding under a box in the basement, arrested him.) In addition, there seems to be no doubt that Sawyer's arrest was legal. See *Farrow v. State*, 233 Md. 526, 197 A. 2d 434.

As to Sawyer's third allegation, each count in the indictment on which he was tried alleges that the twenty-five dollars was stolen from the cab driver, and the driver's testimony at trial was to the effect that it was his money and no effort was made to show the contrary.

Judge Grady found as a fact, after listening to the testimony of the attorney who represented Sawyer at the trial, that the applicant had been well represented by a lawyer who has been practicing for about thirty-five years. The defendants were tried together but Espin's confession was introduced only against him. As mentioned before, the case was tried by the court without a jury, and an examination of the record extract of the applicant's trial printed for his appeal reveals no prejudice to Sawyer. Thus, his last claim is insubstantial. *Cf. Pressley v. State*, 220 Md. 558.

*Application denied.*