STATE

v.

Juan PENA–LORA.

No. 96–406–C.A.

Supreme Court of Rhode Island.

Feb. 27, 1998.

Annie Goldberg, Aaron L. Weisman, Providence, for Plaintiff.

Barbara Hurst, Paula Rosin, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

This case comes before us on the defendant's appeal from a final judgment of conviction following a jury trial in the Providence County Superior Court on one count of possession of more than one kilogram of cocaine.

### I

#### Facts and Travel

At approximately 3:55 a.m. on the morning of April 15, 1992, State Police Troopers Eric L. Croce (Croce) and James E. Swanberg (Swanberg) were patrolling Eddy Street in Providence in a marked police cruiser. As they approached the intersection of Eddy Street and Thurbers Avenue, Croce and Swanberg observed Juan Pena–Lora (defendant) driving alone in a compact automobile. As defendant approached the intersection, he failed to stop for the red traffic light controlling traffic at the intersection and proceeded down Thurbers Avenue. The troopers, observing what had just happened, activated their vehicle's overhead lights and followed defendant, who immediately pulled to the side of the road.

At this time Croce alighted from the police cruiser and approached the passenger side of the automobile. Meanwhile, Swanberg approached the vehicle from the driver's side. As they neared the driving compartment, both Swanberg and Croce directed their flashlights into the back seat of the car in

order to ensure that their personal safety was not threatened by anything or anyone in the vehicle.

When Swanberg arrived at the driver's window, the officer requested the automobile's registration and the defendant's driver's license. These were promptly provided. The vehicle's registration indicated that it was registered to a Sonia Lora (Lora) of Massachusetts.

Croce, meanwhile, noticed a brown paper bag wrapped in a white plastic bag on the vehicle's rear floor adjacent to the back seat. Inside the bags were irregularly shaped packages wrapped in duct tape. On the basis of his training and experience, Croce believed that these packages were indicative of narcotics trafficking.

After noting the suspected narcotics, Croce signaled to Swanberg and asked him to remove defendant from the vehicle. Once defendant had been handcuffed and secured in the police cruiser, Croce then opened the automobile's door and searched inside the bag that he had previously observed. Inside the bag were four bundles. Three of the bundles were partially wrapped in duct tape. The fourth bundle was not wrapped in duct tape, and the clear plastic packaging revealed a white fluffy substance. The defendant was then placed under arrest. Two of these bundles were later tested for narcotic content and determined to contain cocaine. The defendant was subsequently charged with possession of more than one kilogram of cocaine.

The defendant, for his part, denied any connection to the cocaine discovered in Lora's automobile. According to defendant, he had received an anonymous telephone call from a woman earlier that morning after midnight while at his home watching television. The unidentified woman allegedly implored him to come and repair her car, which had broken down on the highway. The defendant, a mechanic by trade, agreed to assist her.

The defendant testified that he then called his friend Pedro, whose last name he could not recall, and asked Pedro for a ride to the scene of the broken-down automobile. After defendant and Pedro had arrived at the scene, they "jumped" the stalled automobile's engine in order to start the motor. Once the automobile was started, Pedro left.

The defendant then drove the broken-down automobile that was not running well along the highway until exiting onto Thurbers Avenue. It was at this time that the police saw defendant drive through the intersection's red traffic light.

Prior to trial, defendant attempted to challenge the legality of the search of the automobile that he had been driving. In order to demonstrate that he possessed standing to challenge this search, defendant testified that the owner had informed him of the whereabouts of the car's keys and registration and that he had been driving the automobile with the owner's permission. In essence defendant testified that after he was able to jumpstart the vehicle, he was driving it to his garage for the purpose of performing repair work.

The trial justice found defendant's testimony incredible. He additionally found that mere possession of the car's keys coupled with defendant's unbelievable testimony were insufficient to establish standing. Therefore, defendant, having been found to lack standing, was not permitted to challenge the legality of the search of Lora's automobile, and the case proceeded to trial.

During the trial the state came forward with evidence heretofore unknown to the prosecutor. Apparently Croce, on the very day on which the trial began, spoke by telephone with the automobile's owner, Lora. Further, Lora had traveled from her home in Massachusetts to Rhode Island for the purpose of signing a transcript of her telephone conversation with Croce and, while here, gave two additional statements to the State Police that day. Relying upon this newly revealed evidence, the trial justice, on motion of the defendant, passed the case in order to allow him an opportunity to investigate the new evidence.

Prior to the commencement of the second trial, defendant once again, at a second suppression hearing, attempted to establish his requisite standing to challenge the search of Lora's automobile. To that end he called

Lora to the stand. Lora, however, asserted her Fifth Amendment right to protect herself from any self-incrimination. The defendant then attempted to introduce Lora's out-of-court recorded statements that she had made to Croce. Those statements tended to prove that Lora, the automobile's owner, had indeed given the defendant permission to use her automobile for the purpose of conducting repair work. Lora's statements, however, contradicted the time and place that defendant took possession of the automobile. Lora's statements noted that defendant had come to Framingham, Massachusetts, on the morning prior to his arrest in order to take the car for the purpose of performing repair work.

The trial justice at the second suppression hearing refused to allow Lora's statements into evidence because he found that they were hearsay not within any exception. Because Lora's testimony was not considered, the trial justice once again found that defendant was not in legitimate possession of Lora's automobile. Thus, the trial justice persisted in his finding that defendant lacked the requisite standing to challenge the search of Lora's automobile that led to the seizure of the cocaine.

After the jury trial that followed, defendant was convicted on one count of possession of more than one kilogram of cocaine. His motion for a new trial was denied, and he was thereafter sentenced to a prison term of twenty-five years, all of which was suspended, and he was placed on probation for twenty-five years. On appeal defendant claims that the trial justice erred in excluding Lora's out-of-court statements during the preliminary suppression hearing and in finding that defendant lacked standing to challenge the search of Lora's automobile when he was driving it with her permission. We agree.

## II

### Exclusion of Hearsay at Evidentiary Hearing

It is clear that the rules of evidence do not apply to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the trial justice under Rule 104." R.I. Rule Evid. 101(b)(1). Rule 104(b) itself, in addition, provides that the trial justice is not bound by the rules of evidence when resolving preliminary questions concerning the admissibility of evidence. The only exception to this general rule is with respect to questions of privilege.

Here the trial justice, in the course of conducting the suppression hearing, found that defendant lacked the requisite standing to challenge the search of Lora's automobile. That finding resulted in great part because of the exclusion by the trial justice of Lora's out-of-court statements to Croce concerning her permission given to defendant to use her automobile. That evidence was crucial to defendant's ability to establish his standing to challenge the search of Lora's automobile and to suppress the cocaine seized therein.

■ The trial justice's exclusion of Lora's out-of-court statements to Croce for the reason that they were hearsay and not within any exception to the hearsay rule was error. That rule, Rule 804 of the Rhode Island Rules of Evidence, was not applicable in the preliminary suppression hearing conducted by the trial justice.

Having concluded that the trial justice erred in excluding Lora's statements from evidence during the suppression hearing, we next address the question of whether that error prejudiced defendant during his later jury trial. In this case, we find that it did.

■ The trial justice's refusal to consider Lora's out-of-court statements during the suppression hearing prevented him from adequately addressing defendant's assertion that a nonowner automobile operator can establish standing to challenge a search of the vehicle on the basis of permission from the owner to use the vehicle. There is ample case law to support the proposition that one driving with the automobile owner's permission has requisite standing to challenge a search of the particular vehicle. *See, e.g., United States v. Orrego–Fernandez,* 78 F.3d 1497, 1502 (10th Cir.1996); *United States v. Hernandez–Rodriguez,* 57 F.3d 895, 898 (10th Cir.1995); *United States v. Rubio–Riv-*

*era,* 917 F.2d 1271, 1275 (10th Cir.1990); *United States v. Arango,* 912 F.2d 441, 445 (10th Cir.1990), *cert. denied,* 499 U.S. 924, 111 S.Ct. 1318, 113 L.Ed.2d 251 (1991); *United States v. Lee,* 898 F.2d 1034, 1038 (5th Cir.1990); *United States v. Garcia,* 897 F.2d 1413, 1417–18 (7th Cir.1990), *aff'd* 22 F.3d 304 (3rd Cir.), *cert. denied,* 513 U.S. 949, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994); *United States v. Miller,* 821 F.2d 546, 548 & n. 2 (11th Cir.1987); *United States v. Martinez,* 808 F.2d 1050, 1056 (5th Cir.), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1962, 95 L.Ed.2d 533 (1987); *United States v. Erickson,* 732 F.2d 788, 790 (10th Cir.1984); *United States v. Portillo,* 633 F.2d 1313, 1317 (9th Cir.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1764, 68 L.Ed.2d 241 (1981); *United States v. Smith,* 621 F.2d 483, 487–88 (2d Cir.1980), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 875, 66 L.Ed.2d 812 (1981); *United States v. Lampkins,* 811 F.Supp. 164, 169 (D.Del.1993).

In *Garcia,* for example, the defendant was found to possess the requisite standing to challenge the search of an automobile solely on the basis that he was driving with the owner's permission. 897 F.2d at 1418. That finding was made despite evidence that the defendant did not know the last name of the vehicle's owner and that the vehicle's owner had filed a stolen vehicle report after the defendant's arrest. The court in *Garcia* found that those facts did not refute the presumption in favor of the defendant that he was driving with the owner's permission. The court's decision in *Garcia* was further supported by the suspicious timing of the stolen vehicle report and the owner's failure to reclaim his stolen vehicle after its recovery.

In *Lampkins,* as in this case, the defendant was entrusted with another's automobile in order to perform repair work. 811 F.Supp. at 168–69. The owner of the automobile in that case never gave permission to the defendant to drive the automobile. Despite this fact the defendant drove the automobile and was stopped by the police. The resulting search of the automobile revealed a .38 caliber revolver. In moving to suppress the revolver, the defendant successfully asserted that he possessed standing to challenge the attendant search. The court held that the defendant had a legitimate expecta-

tion of privacy in the searched vehicle absent any evidence from the government to prove that the automobile had in fact been stolen.

■ In citing both *Garcia* and *Lampkins,* we do so without full acceptance of the reasoning employed by those courts. We do not agree that in the absence of any evidence of automobile theft or wrongful possession presented by the state, a nonowner automobile operator has standing to challenge a search therein. We believe those statements in *Garcia* and *Lampkins* are contrary to the well-settled rule in this jurisdiction that a defendant assumes the burden of establishing his or her standing to challenge the admissibility of seized evidence. *State v. Bertram,* 591 A.2d 14, 18 (R.I.1991); *State v. Porter,* 437 A.2d 1368, 1371 (R.I.1981); *State v. Cortellesso,* 417 A.2d 299, 301 (R.I.1980); *see also Rakas v. Illinois,* 439 U.S. 128, 130–31 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387, 393 n. 1 (1978). Therefore, we do not cite *Garcia* and *Lampkins* for the proposition that the state must disprove an automobile operator's standing to challenge a search therein by introducing evidence that the automobile was stolen or somehow wrongfully possessed by the defendant. Rather we cite *Garcia* and *Lampkins* solely to illustrate the importance of permissive use to the standing inquiry.

In this case Lora's three out-of-court statements made to Croce all tended to prove that she did in fact entrust her automobile to defendant for the purpose of his driving the vehicle to his garage and performing repair work. After making those repairs, defendant certainly would be authorized to test the repairs to determine if they were completed properly. That evidence of permission from Lora to defendant, if accepted by the pretrial suppression hearing justice, could have resulted in a finding that defendant had requisite standing to challenge the search of Lora's automobile and could have resulted in the suppression of the cocaine seized from the vehicle. Because the cocaine evidence was the only evidence that could support the state's case against defendant at his later jury trial, its unquestioned admission by the trial justice not only was

error but served to prejudice defendant at his jury trial.

Accordingly we remand this case to the trial justice for hearing and his further consideration of the defendant's motion to suppress. If the trial justice finds that the search of Lora's automobile was illegal, then the defendant's judgment of conviction should be vacated, and the state may appeal that finding by the trial justice. If, on the other hand, the trial justice determines that the defendant still lacks standing or that the search of Lora's automobile was lawful, then the judgment of conviction will stand and the defendant may then appeal either of those findings to this Court.

For the sole reason and purpose above noted, the defendant's appeal is sustained in part. We do not address the remaining issues raised by the defendant in his appeal at this time but await completion of the remand proceedings. The papers in this case are remanded to the Superior Court for further limited proceedings in accordance with our opinion.