890 A.2d 288

**Kobie MATOUMBA**

v.

**STATE of Maryland.**

No. 47, Sept. Term, 2005.

Court of Appeals of Maryland.

Jan. 12, 2006.

Francis A. Pommett, III (Law Offices of Nathanson & Pommett, P.C., Baltimore), on brief, for petitioner.

Steven L. Holcomb, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore), on brief, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

RAKER, J.

The question presented in this case is whether a police officer, testifying at a suppression hearing, is required to be qualified as an expert witness regarding facts that gave rise to

a reasonable suspicion justifying a stop and frisk of a suspect. We shall answer that question in the negative and affirm.

I.

Kobie Matoumba, petitioner, was convicted in a bench trial in the Circuit Court for Baltimore City of the offense of possession of a handgun by a person previously convicted of a crime of violence. He filed a motion to suppress the handgun the police seized from him following a traffic stop. The following facts underlie the charges.

Petitioner was a passenger in the back seat of a vehicle driven by his friend. Lieutenant Palmero of the Baltimore City Firearms Apprehension Strike Team and Officer Moynihan of the Tactical Quick Response Team stopped the car for exceeding the speed limit. Based on his observations of petitioner, Officer Moynihan ordered petitioner out of the vehicle and then frisked him. He recovered a handgun in petitioner's back pocket.

At the hearing on petitioner's motion to suppress, both officers were questioned about their belief that petitioner was armed. Neither officer was qualified as an expert. The Circuit Court accepted the officers' testimony, implicitly finding that Officer Moynihan had a reasonable, articulable suspicion to frisk petitioner. Petitioner waived a jury trial, pled not guilty, and proceeded on an agreed statement of facts. He was convicted and sentenced to a mandatory term of incarceration of five years, without the benefit of parole.

Petitioner noted a timely appeal to the Court of Special Appeals. The intermediate appellate court affirmed. *Matoumba v. State*, 162 Md.App. 39, 873 A.2d 386 (2005). We granted certiorari to consider the question of whether a police officer is required to be qualified as an expert when testifying at a suppression hearing as to his or her basis for conducting a frisk pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Matoumba v. State*, 388 Md. 404, 879 A.2d 1086 (2005).

## II.

■ Before this Court, petitioner argues that, based upon this Court's recent case of *Ragland v. State*, 385 Md. 706, 870 A.2d 609 (2005), in the context of a *Terry* frisk, Maryland Rules of Evidence 5–104(a), 5–701, and 5–702 require that the State qualify a police officer as an expert prior to eliciting an opinion as to the reasons justifying a frisk of a suspect. Petitioner reasons that in order to justify a frisk of a person, the Supreme Court has made it clear that the officer's articulated reasons for suspecting that an individual is armed and dangerous must be evaluated in light of his experience. *See Terry*, 392 U.S. at 27, 88 S.Ct. at 1883. These opinions, petitioner continues, are not within the realm of the general knowledge of lay persons and hence, come under the ambit of Md. Rule 5–702, testimony by experts. Petitioner concludes that the rationale of *Ragland v. State*, 385 Md. 706, 870 A.2d 609 (2005) requires that, before a police officer may testify as to the reasons underlying the basis for conducting a frisk of a suspect, he must first be qualified as an expert witness, because he is relying upon his specialized training, skill, and expertise to justify his actions.

The State argues that a police officer need not be qualified as an expert in order to give testimony at a suppression hearing on whether a frisk is justified because the Rules of Evidence do not apply to suppression hearings. In the alternative, the State argues that, even if the Rules of Evidence do apply, in matters concerning the determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 5–104(a), the trial court has the discretion under Md. Rule 5–101(c)(1) to decline to require strict application of the Rules of Evidence.

## III.

The Court of Special Appeals rejected Matoumba's argument, finding "nothing in Rule 5–702, Maryland case law, or *Terry* that could be remotely construed to mandate that a police officer be qualified as an expert in order to render an

opinion on his or her basis for reasonable articulable suspicion to conduct a pat-down." *Matoumba,* 162 Md.App. at 51, 873 A.2d at 392. We agree.

The genesis of petitioner's argument is found in *Ragland.* In *Ragland,* two police officers testified at trial as lay witnesses that conduct they had observed amounted to a drug transaction involving Ragland and another person. *Ragland,* 385 Md. at 709–14, 870 A.2d at 611–14. We reversed, holding that the trial court erred in admitting the testimony as lay opinion evidence and that the officers should have been qualified as expert witnesses under Rule 5–702. *See id.* at 725, 870 A.2d at 620. We reasoned as follows:

"We think the better view in interpreting the rule regarding opinion testimony is the more narrow one, and the view as expressed in the amended Fed.R.Evid. 701. We also agree with the Court of Appeals for the Fourth Circuit and those courts that have found that by permitting testimony based on specialized knowledge, education, or skill under rules similar to Md. Rule 5–701, parties may avoid the notice and discovery requirements of our rules and blur the distinction between the two rules. Accordingly, we will follow the approach as reflected in the 2000 amendment to Fed. R.Evid. 701 and hold that Md. Rules 5–701 and 5–702 prohibit the admission as 'lay opinion' of testimony based upon specialized knowledge, skill, experience, training or education."

*Id.*

*Ragland* was directed to trial proceedings, and not pretrial proceedings. Petitioner asks us to extend our *Ragland* holding to suppression hearings. We decline to do so.

Md. Rule 5–101 establishes the applicability and scope of the Rules of Evidence. The 2003 version of the Rule, effective at the time of petitioner's hearing, provides as follows:

"(a) **Generally.** Except as otherwise provided by statute or rule, the rules in this Title apply to all actions and proceedings in the courts of this State.

(b) **Rules inapplicable.** The rules in this Title other than those relating to the competency of witnesses do not apply to the following proceedings:

(1) Proceedings before grand juries;

(2) Proceedings for extradition or rendition;

(3) Direct contempt proceedings in which the court may act summarily;

(4) Small claim actions under Rule 3–701 and appeals under Rule 7–112(c)(2);

(5) Issuance of a summons or warrant under Rule 4–212;

(6) Pretrial release under Rule 4–216 or release after conviction under Rule 4–349;

(7) Preliminary hearings under Rule 4–221;

(8) Post-sentencing procedures under Rule 4–340;

(9) Sentencing in non-capital cases under Rule 4–342;

(10) Issuance of a search warrant under Rule 4–601;

(11) Detention and shelter care hearings under Rule 11–112; and

(12) Any other proceeding in which, prior to the adoption of the rules in this Title, the court was traditionally not bound by the common-law rules of evidence.

(c) **Discretionary application.** In the following proceedings, the court may, in the interest of justice, decline to require strict application of the rules in this Title other than those relating to the competency of witnesses:

(1) The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 5–104(a);

(2) Proceedings for revocation of probation under Rule 4–347;

(3) Hearings on petitions for post-conviction relief under Rule 4–406;

(4) Plenary proceedings in the Orphans' Court under Rule 6–462;

(5) Waiver hearings under Rule 11–113;

(6) Disposition hearings under Rule 11–115;

(7) Modification hearings under Rule 11–116; and

(8) Any other proceeding in which, prior to the adoption of the rules in this Title, the court was authorized to decline to apply the common-law rules of evidence."

Md. Rule 5–104(a), Preliminary Questions, provides as follows:

"(a) **Questions of Admissibility Generally.** Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of section (b). In making its determination, the court may, in the interest of justice, decline to require strict application of the rules of evidence, except those relating to privilege and competency of witnesses."

This Court adopted the Maryland Rules of Evidence in 1994. Prior to the adoption of the Rules of Evidence, evidentiary rules did not apply strictly in suppression hearings. *See, e.g., United States v. Matlock,* 415 U.S. 164, 172–73, 94 S.Ct. 988, 994, 39 L.Ed.2d 242 (1974); *Farrow v. State,* 233 Md. 526, 532–33, 197 A.2d 434, 437–38 (1964). Although suppression hearings are important proceedings, and a significant part of the criminal adjudicatory process, "[t]he process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself." *United States v. Raddatz,* 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980). The Supreme Court noted as follows:

"This Court on other occasions has noted that the interests at stake in a suppression hearing are of a lesser magnitude than those in a criminal trial itself. At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial."

*Id.* at 679, 100 S.Ct. at 2414. In Maryland, the law was the same.[1] We said in *Farrow,*

---

1. The same rule applied in federal and other state courts. *See, e.g., United States v. Dickerson,* 166 F.3d 667, 679 n. 12 (4th Cir.1999), *rev'd*

"On the question of the guilt or innocence of the defendant it clearly is hearsay and hence is inadmissible; but on the issues of probable cause and the lawfulness of arrest and of the admissibility of evidence obtained through any search made in connection with the arrest, such testimony, even if hearsay, is directly relevant and is admissible. Therefore, the determination of the admissibility of evidence which is dependent upon the lawfulness of an arrest should be made by the trial judge as a preliminary matter quite apart, of course, from the question of the guilt or innocence of the accused; and if the case is being tried before a jury, such a matter should be heard out of the presence of the jury. Such a question may be raised, before trial by a motion to exclude any evidence claimed to have been improperly obtained. Maryland Rule 725 b and c; *Rizzo v. State*, 201 Md. 206 [93 A.2d 280]. *Cf. Asner v. State*, 193 Md. 68 [65 A.2d 881]. *See also Martelly v. State*, 230 Md. 341, 346–48 [187 A.2d 105], where a motion before trial to suppress evidence was in effect withdrawn by the defendant's trial counsel's express waiver of objection to the admissibility of the same evidence when offered at the trial."

*Farrow*, 233 Md. at 532–33, 197 A.2d at 437–38.

Officer Moynihan did not have to be qualified as an expert witness at the hearing on the motion to suppress before the court heard evidence as to the officer's basis for conducting a frisk of petitioner. Because the common-law rules of evidence did not apply to suppression proceedings before the adoption of the Maryland Rules of Evidence, it follows that, pursuant to Md. Rule 5–101(b)(12), the Rules now in effect are inapplicable to suppression hearings.

---

*on other grounds*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000); *United States v. Killebrew*, 594 F.2d 1103, 1105 (6th Cir.1979); *United States v. De La Fuente*, 548 F.2d 528, 532–33 (5th Cir.1977); *State v. Pena–Lora*, 710 A.2d 1262, 1264 (R.I.1998); *State v. Towne*, 158 Vt. 607, 615 A.2d 484, 493 n. 1 (1992); *State v. Wright*, 315 Or. 124, 843 P.2d 436, 439 (1992); *Vincent v. State*, 349 So.2d 1145, 1146 (Ala. 1977); *State v. Domicz*, 377 N.J.Super. 515, 873 A.2d 630, 651 (App. Div.2005); *Commonwealth v. Bunch*, 329 Pa.Super. 101, 477 A.2d 1372, 1376 (1984).

■■■■ In addition, under Rule 5–101(c)(1), the trial court has broad discretion, in the interests of justice, to decline to apply the Rules of Evidence in "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under Rule 5–104(a)." Pursuant to Rule 5–104(a), in determining preliminary questions concerning the admissibility of evidence, the court may decline to require strict application of the Rules of Evidence, except those relating to privilege and competency of witnesses. Because suppression hearings involve the determination of preliminary questions concerning the admissibility of evidence, the language of Rule 5–101(c)(1) grants the court broad discretion to decline to strictly apply the Rules of Evidence. *See In re Ashley E.*, 387 Md. 260, 279–80, 874 A.2d 998, 1010 (2005) (stating that to " 'decline to require strict application of the rules' appears to have been intended to mean that the application of the various rules of evidence in a proceeding listed in subsection (c) is entrusted to the discretion of the court"). Such evidentiary rulings will not be disturbed on appeal absent a clear abuse of discretion which materially prejudices the defendant. A trial court abuses its discretion when it acts without reference to any guiding principles or rules of law or where no reasonable person would take the view adopted by the trial court. *See Wilson v. John Crane, Inc.*, 385 Md. 185, 198, 867 A.2d 1077, 1084 (2005). Petitioner has made no argument that the trial court abused its discretion by refusing to require the officers to be qualified as experts to testify at the suppression hearing.

Instead, petitioner argues that the issue before this Court is one of competency of a witness to testify, and that therefore the Maryland Rules of Evidence must be applied to a suppression hearing when a police officer is testifying as an expert witness. Just as the Rules of Evidence may not be waived or relaxed in matters relating to privilege, so too, they may not be relaxed or waived when related to competency. He argues that the Rules of Evidence do not permit the trial court to decline to apply the Rules in matters involving competency of a witness, and that unless police officers are qualified as

experts, they are not competent to express opinions as to why certain conduct gave them reasonable articulable suspicion to believe that a person is armed prior to conducting a frisk.

Petitioner misconstrues the meaning of "competency" as used in Rules 5–101 and 5–104. The Reporter's Note to Rule 5–101 explains that the Standing Committee on Rules of Practice and Procedure, in drafting the proposed rule, saw "a need to make clear that courts cannot allow persons who are legally incompetent as witnesses to testify even if the rules of evidence generally are inapplicable, and so [the Committee] included an exemption for the rules dealing with competency." One Hundred Twenty–Fifth Report of the Standing Committee on Rules of Practice and Procedure, Rule 5–101, Reporter's Note, at 6 (1992). It is clear that the Rule refers to the traditional notion of competency, *i.e.*, that the witness has sufficient mental capacity to understand the nature and obligation of an oath and is possessed of sufficient mind and memory to observe, recollect, and narrate the things he or she has seen or heard. *See generally Perry v. State*, 381 Md. 138, 848 A.2d 631 (2004) (discussing traditional notion of competency). The Rule does not contemplate the so-called "competency" of an expert witness to testify and the witness's possession of knowledge sufficient to enable him or her to testify concerning a specified matter.[2]

---

**2.** Our opinions in the past occasionally have used the term "competency" in the context of discussing expert testimony. *See, e.g., Air Lift, Ltd. v. Bd. of County Comm'rs of Worcester County*, 262 Md. 368, 401, 278 A.2d 244, 261 (1971) (stating that "[t]he competency of an expert to testify is largely within the discretion of the trial court"). In such contexts, "competency" is used to refer to the qualifications of the proposed expert that are necessary for the expert testimony at issue to be admissible, not to the legal competency of the proposed expert to take the stand and offer testimony of any type. This distinction is reflected in the Rules of Evidence. Rule 5–702 is a rule that excludes certain kinds of *testimony* if the testifying witness does not possess the requisite qualifications to offer it. If an expert does not possess the requisite qualifications under Rule 5–702 to offer certain kinds of testimony, the witness is not thereby rendered incompetent to testify as to other matters on which testimony is permitted under the Rules of Evidence.

The Circuit Court was not required to qualify the police officers as expert witnesses before the officers were permitted to testify as to the reasons underlying and justifying the frisk of petitioner. Moreover, the court did not abuse its discretion in declining to apply strictly the Rules of Evidence.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.*