## GRAY *v.* STATE

[No. 123, September Term, 1960.]

*Decided January 11, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Milton B. Allen* and *Benjamin L. Brown,* with whom were *Brown, Allen & Watts* on the brief, for the appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom

were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Russell J. White, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellant was tried and convicted, in the Criminal Court of Baltimore, of a violation of the lottery laws.

He lives with his wife and children in Baltimore. On February 16, 1960, a policewoman rang the bell at appellant's residence, and, after being admitted by his wife, gave the wife a pre-prepared lottery slip and marked money, which she accepted and handed to a child. The appellant was not present at this transaction. The policewoman left the house and signaled other policemen, who were waiting nearby; whereupon four police officers entered upon the premises, recovered the slip and money from the wife on the first floor, and, without making an arrest, went to the second floor of the premises to search for more lottery paraphernalia. On the second floor, the police officers recovered one non-conventional lottery slip. The appellant, having been asleep on the second floor, was confronted for the first time by the police officers and shown the fruits of their search. In the course of the conversation with the police officers, the appellant said, "it is my operation,"; that he had been writing numbers for about two or three weeks; that he wrote "about $15.00 per day"; and that he would receive a phone call at about 11:00 A.M. from a person phoning in various lottery numbers. This call was received by appellant, and, while talking on the telephone, he wrote down numbers, which he stated were being phoned in to him.

He was arrested and indicted. At the trial on April 7, 1960, the State produced the policewoman who testified to giving the pre-prepared numbers slip and marked money to appellant's wife. The numbers slip and money were introduced into evidence for purposes of identification, and were subsequently ruled out by the court. One of the officers, Sergeant Judd, was allowed to testify, subject to exception, concerning the numbers slip found on the second floor. He also testified, *with-*

*out objection,* to the conversation had with the appellant and the appellant's telephone call, during which the appellant wrote down numbers that he said were being called in to him.

At the conclusion of the taking of the testimony, the court took the matter under advisement. Thereafter, just prior to the rendition of his verdict, the court ruled out the numbers slip found on the second floor, which had been received subject to exception; and he stated, although there had been no objection thereto nor any motion to strike them out, that he did not intend to "rule out" the conversation had with the defendant, nor the evidence relating to the telephone call. The court then found the accused guilty and imposed a fine. This appeal followed.

The only question attempted to be raised in the appellant's brief is: "Was the Trial Court in error in admitting into evidence testimony of the phone call received by Appellant during the course of an illegal search?"

We do not think the question was properly reserved for our decision. Although it is true that formal exceptions are no longer necessary (Maryland Rule 522 [a]), section (d) (2) of said Rule provides that, "every objection to the admissibility of evidence shall be made at the time when such evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent, otherwise the objection shall be treated as waived." As indicated above, the record fails to disclose that any objection was made, at any time, to the testimony relating to the telephone call; hence, even if the testimony were inadmissible, any objection to its admission was waived. As stated in *Courtney v. State,* 187 Md. 1, 5, 48 A. 2d 430: "In the absence of such objections and ruling there is nothing for this court to review." See also, *Davis v. State,* 189 Md. 269, 273, 55 A. 2d 702; *State Roads Commission v. Berry,* 208 Md. 461, 466-467, 118 A. 2d 649; *Martin v. State,* 203 Md. 66, 72, 98 A. 2d 8.

*Appeal dismissed, appellant to pay the costs.*