## SMITH *v.* STATE

[No. 173, September Term, 1960.]

*Decided March 17, 1961.*

Submitted to BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Perry G. Bowen, Jr.,* on the brief, for appellant.

*Thomas B. Finan, Attorney General, James H. Norris, Jr., Special Assistant Attorney General,* and *Allen S. Handen, State's Attorney for Calvert County,* on the brief, for appellee.

PER CURIAM.

Edward Smith was indicted in the Circuit Court for Calvert County for (1) carnal knowledge of his daughter, Algea Smith, a female under the age of fourteen years, (2) assault and battery upon the same girl, and (3) incest upon the same girl. He pleaded not guilty and elected to be tried by the Court, without a jury. The judge entered a verdict of guilty on the first and third counts of the indictment, held that the second count was merged in the other two, and sentenced him to ten years in the House of Correction.

The sole question in this case is whether the evidence was legally sufficient to establish that the appellant was guilty of carnal knowledge of a female child under the age of fourteen, and incest.

The appellant's contention, upon which he seeks reversal, is that there was insufficient proof of penetration.

In September 1959 Algea Smith, then twelve years of age, was attending the eighth grade at Brooks High School and living at home with her mother, father, and nine brothers and sisters. The one-story, tenant farm house in which they lived had four rooms, including two bedrooms, one dining room, and a kitchen. She testified that her father, Edward Smith, had bothered her sexually in September 1959, and both prior and subsequent to that time. She also testified on cross-examination that nobody had had relations with her except her father.

When her father bothered her sexually it usually occurred in the kitchen or dining room on the floor in the middle of the night. Algea slept in a bedroom with her brothers and sisters, and her father slept with her mother in the other bedroom. She testified that the first time it happened she was afraid to complain to anyone; that she was afraid of her father,

and that she finally told her mother, but the latter did nothing about it. When she went to school she complained to Mrs. Gates and Mr. Ward, the guidance counselor, as well as to Mrs. Lola Parks, the supervisor of Pupil Personnel for the Board of Education.

Upon the statements of Algea and her brother, Edward Smith, Jr., she was taken out of her home and admitted to Barrett School on November 2, 1959. Subsequent to her admission to the school it was learned that she was pregnant, and on May 5, 1960, she gave birth to a premature baby, with an estimated gestation of thirty weeks. She alleged her father was the father of this child.

He relies upon the case of *Craig v. State,* 214 Md. 546, 136 A. 2d 243, which involved the crime of common-law rape. We agree, as held in the Craig case, that proof of penetration is an essential element of rape. Moreover, as in *Robert v. State,* 220 Md. 159, 151 A. 2d 737, we assume that proof of penetration is an essential element of carnal knowledge or, as sometimes called, statutory rape.

In the Craig case, however, the issue presented involved the testimony of an eight-year-old girl who testified that the defendant had "messed" with her. There was no other evidence submitted to substantiate the fact that the victim understood the meaning of that term as including penetration. The judgment was therefore reversed and the case remanded for a new trial.

In the instant case there is ample evidence to supply proof of penetration. We think the case of *Robert v. State,* supra, is controlling. That case involved a twelve-year-old girl who testified that she knew what sexual intercourse was, that she knew what caused people to become pregnant, and that the defendant had had sexual intercourse with her. This Court held that if believed this was sufficient evidence of proof of penetration, and stated that the fact of the victim's pregnancy could be considered by the jury in weighing the victim's testimony that she understood the meaning of "sexual intercourse". However, the fact of pregnancy could not be considered as bearing directly upon the crime as her pregnant

condition was not shown to have been due to the defendant's action.

In the present case we have a thirteen-year-old girl (she was twelve when the crime was committed) testifying that her father bothered her sexually many times. She further testified that her father was the father of the baby she recently gave birth to, and that no one had had relations with her except her father. There was more than ample evidence supplied by other witnesses to the effect that the victim had complained to them in regard to her father sexually molesting her. Furthermore, unlike *Robert v. State,* the trial court, after hearing the testimony and before announcing its verdict, ordered a blood test made, the result of which indicated that the appellant could not be excluded as the father of this baby.

The appellant complains that there was no attempt made by the State to elicit from the victim what she meant by the terms "bothered sexually", "intercourse", "molested sexually", or "sex relations", the terms used during the testimony of the victim. If the appellant or his counsel thought that the victim did not understand the terms used, cross-examination could have easily revealed the fact. The record discloses that there was no such attempt on cross-examination. In fact, a careful reading of the record discloses that the appellant and his counsel apparently assumed that the victim had knowledge of the meaning of "sexual intercourse".

We find the evidence sufficient to support a finding of penetration and hence sustain the conviction.

*Judgment affirmed.*