John F. MOUNTS, Appellant,

v.

Otto C. BOLES, Warden, West Virginia State Penitentiary, Appellee.

No. 8330.

United States Court of Appeals Fourth Circuit.

Argued June 19, 1961.

Decided June 20, 1961.

Thomas B. Miller and Jeremy C. Mc-Camic, Wheeling, W. Va., for appellant.

George H. Mitchell, Asst. Atty. Gen. (C. Donald Robertson, Atty. Gen., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

■ This appeal involves the single question, whether appellant's constitutional rights were violated when the state court sentenced him in 1956 as a recidivist upon an information setting forth in specific detail four prior convictions without, however, attaching the official records of such convictions. Having presented this issue once to the state courts and the Supreme Court of the United States, it thus appears that he has exhausted his state remedies, and it was in order for him to petition for federal habeas corpus. Brown v. Allen, 1953, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469; Grundler v. State of North Carolina, 4 Cir., 1960, 283 F.2d 798, 800. However, on the merits of the claim, we find the petitioner's contention frivolous. In our view the information, which specified the nature of the offenses, the dates of the convictions, and the amounts of the sentences, adequately described the prior record, and the petitioner admitted in open court that he was the same person.

■ At the bar of this court Mount's able and conscientious court-appointed counsel called attention to a recent decision of the Supreme Court of Appeals of West Virginia, State of West Virginia ex rel. Cox v. Boles, 1961, 120 S.E.2d 707. In that case, as no written information was filed and the defendant was not "duly cautioned," the state court set aside the additional sentence for recidivism. The contention is now raised for the first time in the present case, upon the authority of the cited decision, that the trial court which sentenced Mounts as a recidivist was without jurisdiction. This is said to follow from the failure of the court to "duly caution" the defendant be-

fore inquiring of him whether he acknowledged that he is the same person named in the information as the perpetrator of the offenses specified therein. Whether Mounts was or was not "duly cautioned" is not clear from the record before us. Upon the merits of this new contention we express no opinion as it is not properly before us, not having been raised below or in the state court. If advised by counsel to do so, Mounts should seek his remedy on this ground in the state courts before applying to a federal court.

Affirmed.