## GREEN *v.* STATE

[No. 115, September Term, 1961.]

■■■■■■

■ ■■■■■■

■■■■■■■■■■

*Decided December 26, 1961.*

■■■■■■■■■

■■■■■■■■■

■■■■

The cause was submitted to HAMMOND, PRESCOTT, HORNEY, MARBURY, and SYBERT, JJ.

Submitted on brief by *Morris Lee Kaplan, Nathan Stern* and *Frank J. McCourt* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, James P. Garland, Assistant Attorney General, Saul A. Harris* and *Julius A. Romano, State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, for appellee.

PER CURIAM.

The appellant, Francis Julius Green, was convicted by a jury on three indictments, each of which charged him with armed robbery. The court, after the jury's findings of guilt, sentenced the appellant to twenty years in the Maryland Penitentiary under Indictment No. 4575, twenty years in the Maryland Penitentiary under Indictment No. 4576, the latter sentence to run consecutive to the sentence in No. 4575, and twenty years in the Maryland Penitentiary under Indictment No. 4577, the sentence to be concurrent with the sentence in No. 4576; making a total of forty years. From the judgments and sentences this appeal was taken.

His contentions are that a motion for a directed verdict of acquittal should have been granted, that the evidence was insufficient to sustain the conviction, that it was reversible error to admit into evidence the guns and holster taken from the defendant's room as the result of an illegal search and seizure, that his confession was involuntary and should not have been admitted into evidence, that the lower court was unfair, and that the court appointed counsel was incompetent.

We find no merit in any of these contentions. This case was tried by a jury and the record does not disclose that any motion for directed verdict was made, so that there is nothing before us as to the sufficiency of the evidence. *Woodell v. State,* 223 Md. 89, 162 A. 2d 468. There was no objection to the admission into evidence of the guns and holster claimed to have been obtained as the result of an illegal search and seizure, so that there is nothing for this Court to review on this point. *Gouker v. State,* 224 Md. 524, 168 A. 2d 521, and cases cited therein; *Gray v. State,* 224 Md. 76, 167 A. 2d 92. With reference to the admission of the confession into evidence, the record discloses that the trial court followed the usual procedure which has been approved by this Court. See for example *Ralph v. State,* 226 Md. 480, 174 A. 2d 163, and *Presley v. State,* 224 Md. 550, 168 A. 2d 510. Though there was conflicting evidence with regard to the confession, we find no error in the trial court's ruling admitting it into evidence. Finally there is nothing in the record to show that the court was unfair, or his counsel incompetent. See *Woodell v. State, supra.*

*Judgments affirmed.*