## EDMONDSON *v.* STATE

[No. 7, September Term, 1962.]

*Decided November 15, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, HORNEY and SYBERT, JJ.

*Paul Wartzman* for appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

The appellant was convicted of "statutory rape" after a trial before two judges, sitting without a jury, in the Criminal Court of Baltimore. His motion for a new trial was denied and he was sentenced to twelve years' imprisonment. The specific offense was carnal knowledge of an imbecile woman (Code (1957), Art. 27, § 462), the girl having been chronologically eighteen years of age, but of a mental age of about four years. On this appeal the appellant raises two questions: first, the sufficiency of the evidence to prove penetration; and second, the admissibility of testimony as to words spoken and sounds and gestures made by the victim shortly after the occurrence upon which the prosecution was based.

The State attempted unsuccessfully to qualify the victim as a witness. Without her direct testimony, the State's difficulty of proof of penetration was, of course, greater than in most rape cases. Penetration is an essential element of the crime of rape at common law. *Craig v. State,* 214 Md. 546, 136 A. 2d 243. We shall assume here, as we did in *Robert v. State,* 220 Md. 159, 151 A. 2d 737, and in *Smith v. State,* 224 Md. 509,

168 A. 2d 356, that it is also an essential element in statutory rape. Here we think that the evidence of laceration and bleeding in the vaginal region, particularly the testimony of a police physician who examined the girl a few hours after the occurrence with regard thereto, afforded sufficient proof of penetration. He gave it as his opinion that the laceration had been produced by a recent penetration of the vagina, and we think there is no question in this case in the circumstances under which the examination was made as to what he meant and what the court understood him to mean when he spoke of penetration. Cf. *Robert v. State, supra,* where the term used was "sexual intercourse."

The record indicates that the imbecile girl was able to speak only very simply and imperfectly. The appellant's brief challenges the admissibility of the testimony of other persons with regard to statements made by the girl and, less clearly, he objects also to testimony with regard to sounds and gestures made by her in communicating with others about what had occurred. The basis of the objection is that since she could not testify as a witness, evidence as to what she said or communicated to others could not be admitted. The appellant's objection to the girl's reply of "Man, man", given almost immediately after she got home, to a question as to who had hurt her was apparently sustained. Later a somewhat similar statement made subsequently in a police car—"Man, man, Ugrr. Ugrr."—came in without objection. Another statement by her, "Yes, you, you," accusing the defendant of having done something to her was made in his presence and was admitted without objection. Nor were any objections made with regard to the mother's testimony as to sounds and gestures which the girl made, some in his [the defendant's] presence, and some not. Likewise no objection was made to the testimony of a police officer that the girl had pointed to her privates and said "Hurt." (The defendant was represented at the trial by experienced counsel, who is not the same attorney who represented him on appeal.) The admissibility of evidence not objected to is not properly before us for review. Maryland Rule 885; *Davis v. State,* 189 Md. 269, 55 A. 2d 702; *Daniels v. State,* 213 Md. 90, 106, 131 A. 2d 267; *Green v. State,* 227 Md. 296, 298, 176 A. 2d 228.

We do not, therefore, reach the substantive question now sought to be raised under the defendant's second contention. Leading textwriters indicate that the result would not be otherwise if we did. See *Wharton's Criminal Evidence* (12th Ed.), § 283; *Underhill's Criminal Evidence* (5th Ed.), §§ 758 and 762; VI *Wigmore on Evidence* (3rd Ed.), § 1761.

*Judgment affirmed.*