PEAL *v.* STATE

[No. 318, September Term, 1962.]

330

*Decided July 18, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*George L. Russell, Jr.,* for the appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Stanley S. Cohen, Assistant State's Attorney,* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

Appellant, Calvin Peal, was tried and convicted in the Criminal Court of Baltimore under two indictments, one charging him with larceny after trust of merchandise valued at $415.41 (a felony), and the other charging him with larceny after trust of goods valued at $36.50 (a misdemeanor). He was sentenced to serve concurrent one-year terms in the Maryland House of Correction, and he appeals from both judgments.

The evidence produced by the State showed that on the evening of April 9, 1962 Police Officers Suter and Goetz, of the Central District station house, investigated a complaint which directed them to an automobile parked on a street in East Baltimore. At the scene they found a 1955 Mercury automobile, unoccupied, with the doors unlocked and the windows open, on the back seat of which was a large carton labeled as ladies' undergarments. A check in the neighborhood failed to reveal the owner or operator. A woman with two ladies' slips stuffed in her coat pockets came to the car and took out a pair of sun glasses, and when asked by the policemen who owned the car, she stated that she did not know. No search of the car was made at that time.

After learning that the automobile was registered in the name of the appellant, through a check of its license tags, the officers returned to the station house. Approximately one hour later, they received an anonymous telephone call informing them that the owner of the 1955 Mercury could be found at Lexington and Colvin Streets. Officer Suter went to that location and there accosted the appellant, who, in response to questions, admitted owning a 1955 Mercury but claimed he did not know where it was as he had lent it to a friend whose name he could not recall. Thereupon the appellant was taken into custody for investigation (as it was put by Officer Suter), without an arrest warrant, and was taken to the Central station house, where he was questioned at about 9 P.M. by Sergeant Stein, in the presence of Officer Suter.

Both officers testified that, after first denying any knowledge of the carton in his automobile, the appellant voluntarily admitted that he was a truck driver for a distributing concern, Mutual Pool Car Agency, Inc.; that he had wrongfully taken "left-over" cartons of merchandise from his employer's truck after completing deliveries, and placed them in his own car; that he was selling the merchandise "loose"; and that he had a great many accomplices. The testimony indicates that thereupon Officer Suter went to the point where the appellant's car was parked and searched the vehicle, without a search warrant. In addition to the large carton on the back seat, he found one small carton under the front seat, and two cartons in the trunk.

All contained ladies' undergarments. Officer Suter had the car towed to the police garage, and took the cartons of merchandise to the station house. Samuel Brody, vice-president of Mutual Pool Car Agency, Inc., was called in, and in the presence of the appellant he identified the merchandise. The appellant repeated to Mr. Brody the incriminating statements which he had previously made to the two policemen.

The question pressed here by the appellant is that the arrest was illegal and that the goods were seized incident thereto and were therefore inadmissible in evidence. The State, on the other hand, takes the position that the search and seizure were not incident to the arrest, and that even if the arrest was unlawful, the search of the automobile and the seizure of the merchandise contained therein without a search warrant were reasonable and lawful, and the articles were properly admitted in evidence. This is so, the State maintains, because the appellant's voluntary statements, in the nature of a confession, afforded probable cause to believe that a crime had been committed by the appellant and that the stolen goods were in his automobile, thus justifying the search and seizure.

In its brief and argument the State assumed, without conceding, that the appellant's arrest was unlawful. We shall proceed on the same assumption, without deciding the question. .

We think the trial court properly admitted in evidence, over objection, the appellant's incriminating statements made to the two police officers. Sergeant Stein had testified that the statements were voluntarily made, without the use of force, promises or other inducements. Defense counsel sought to exclude the statements on the ground that when they were made the appellant was being illegally detained, adding, "I am not objecting to it on the voluntariness of the statement." We have so recently reaffirmed the rule that an illegal arrest does not of itself render inadmissible a confession or admission shown, or conceded, to have been voluntarily made, that it is unnecessary to discuss the question further. See *Stewart v. State,* 232 Md. 318, 193 A. 2d 40 (1963) ; *Prescoe v. State,* 231 Md. 486, 191 A. 2d 226 (1963). Moreover, when Mr. Brody began to testify concerning the incriminating statements made to him by the appellant, defense counsel stated, "I will permit that, Your

Honor." This failure to object to, and acquiescence in, Mr. Brody's testimony with respect to the statements amounts to a waiver of appellant's previous objection to the similar testimony of the police officers. *Forrester v. State,* 224 Md. 337, 167 A. 2d 878 (1961); *Edmondson v. State,* 230 Md. 66, 185 A. 2d 497 (1962).

The validity and admissibility of the appellant's oral confession having been established, it remains to be determined whether or not the search and seizure were reasonable in the light of the facts and circumstances existing at the time they were made. "It is clear that prohibitions against unreasonable searches and seizures do not prohibit reasonable searches and seizures." *Givner v. State,* 210 Md. 484, 494-495, 124 A. 2d 764 (1956); *United States v. Rabinowitz,* 339 U.S. 56, 70 S. Ct. 430 (1950); *Brinegar v. United States,* 338 U.S. 160, 69 S. Ct. 1302 (1949).

We think the facts and circumstances existing at the time afforded probable cause for the search of the appellant's automobile, and that the search was reasonable. The attention of the police had been called to the open and unattended automobile on a public street, with apparently valuable merchandise in plain view and easily accessible therein; they had seen a woman taking an item from the car; they had obtained a voluntary confession from the appellant admitting that he had stolen the goods and that they were in his automobile, and that he had many accomplices, which would support a reasonable inference that one of these could move and secrete the car and its stolen cargo.

Manifestly, the search and seizure were not incident to the arrest. The automobile was at one location, the arrest at another. The search was made only after the prisoner was taken to the station house and questioned, and it stemmed from the confession, not the arrest. Cf. *Busby v. United States,* 296 F. 2d 328 (9 Cir. 1961).

For the reasons stated, we hold that the items found in the search of the appellant's automobile were properly admitted in evidence.

*Judgments affirmed; appellant to pay the costs.*

334

BRUNE, C. J., filed the following dissenting opinion.

As in *Stewart v. State,* 232 Md. 318, 193 A. 2d 40, I dissent for the reasons set forth in my dissent in *Prescoe v. State,* 231 Md. 486, 191 A. 2d 226. The illegal information obtained during the arrest admitted to be unlawful served as the basis for the search and the search was, therefore, a product of the information so obtained. The information subsequently obtained from the defendant's employer was also a product of the statement which I think was improperly obtained and could not be used as the basis for obtaining further information. Evidence unlawfully obtained not only is inadmissible, but cannot be used at all. *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392, quoted in *Wong Sun v. United States,* 371 U.S. 471.