Kenneth D. EDMONDSON, Appellant,

v.

WARDEN, MARYLAND PENITEN-
TIARY, Appellee.

No. 9419.

United States Court of Appeals
Fourth Circuit.

Aug. 6, 1964.

Kenneth D. Edmondson, in pro. per.

Thomas B. Finan, Atty. Gen. of Maryland, Baltimore, Md., for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and BELL, Circuit Judges.

## PER CURIAM.

The appellant is in the Maryland Penitentiary serving a twelve-year sentence for carnal knowledge of an insane woman. Without holding a hearing, the District Court denied appellant's petition for a writ of habeas corpus, and assigned two reasons therefor: (1) that the petitioner has not "sought to invoke the remedies provided by the Maryland Uniform Post Conviction Procedure Act, including the appeal provisions thereof"; and (2) that the petitioner's allegation that no evidence of penetration was adduced at the original trial was a matter relating to the sufficiency of the evidence, a ground which ordinarily raises no claim of denial of a constitutional right.

 In his notice of appeal to this court Edmondson admits that he has made no effort to obtain *state post-conviction relief,* but says that the same contention has been decided adversely to him by the Maryland Court of Appeals on his direct appeal[1] and, therefore, he need not seek any further state relief. This point is well made. We held in Grundler v. State of N. C., 283 F.2d 798 (4th Cir. 1960), that state remedies are deemed to be exhausted when the question raised in the petition for federal habeas corpus has been presented and adjudicated by the state's highest court on direct appeal. There the petitioners were not required to present the same question again under the state's post-conviction statute.

It is true that the Maryland Court of Appeals has repeatedly held that the sufficiency of the evidence is not a matter which can be raised under the Uniform Post Conviction Procedure Act. E. g., Price v. Warden, 220 Md. 643, 151 A.2d 166, cert. denied, 361 U.S. 848, 80 S.Ct. 105, 4 L.Ed.2d 87 (1959); Barbee v. Warden, 220 Md. 647, 151 A.2d 167 (1959). But this is beside the point here. The highest court of Maryland having once examined and passed on the sufficiency of the evidence, the state procedure has been exhausted and federal redress may be sought. Thomas v. Cunningham, 313 F.2d 934, 937 (4th Cir. 1963); Mounts v. Boles, 293 F.2d 42 (4th Cir. 1961).

With the second ground assigned by the District Court for dismissing the petition we are in full accord. As we pointed out, also in Grundler v. State, supra, it is only when a conviction is "so totally devoid of evidentiary support as to a raise a due process issue," 283 F.2d at 801, that a state prisoner is afforded a remedy in a federal court on a writ of habeas corpus. The evidence, fully set forth in the Maryland Court's opinion, 230 Md. 66, 67, 185 A.2d 497, 498 (1962), is in our view quite sufficient to support the verdict.

The petition presents no substantial issue. The docketed appeal will be dismissed as frivolous.

---

[1]. In Edmondson v. State, 230 Md. 66, 185 A. 2d 497 (1962), the Court of Appeals held that there was sufficient evidence of penetration to support the conviction.