# JERRY LEE DIXON *v.* STATE OF MARYLAND

[No. 142, Initial Term, 1967.]

624

*Decided August 15, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Irving B. Klitzner* for appellant.

*Charles C. Grice, Special Attorney,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *A. Samuel Peregoff, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Jerry Lee Dixon was convicted in a non-jury trial in the Criminal Court of Baltimore on April 25, 1966 of receiving stolen goods and sentenced to three years in the Maryland House of Correction. From that conviction he appeals to this

court, setting forth six contentions: (a) that the evidence was insufficient to convict him of receiving stolen goods; (b) that he was arrested illegally; (c) that the fruits of the search and seizure taken at the time of arrest were inadmissible evidence; (d) that an admission made before arrest, without benefit of counsel, was improperly admitted into evidence; (e) that he was subjected to double jeopardy and (f) that he was illegally detained at the Maryland House of Correction pending his re-indictment.

On October 4, 1964, the premises of the B & M Truck Rental Company were broken into and a checkwriter, typewriter, cash box, tools, blank checks, and other items were taken. On October 24, 1964, appellant identified himself as the driver of a car involved in an accident being investigated by a police officer. Because Dixon was unable to produce his operator's license or registration card, and appeared to be under the influence of alcohol, he was placed under arrest. Upon being notified that his car would be impounded by the police, Dixon became violent and attempted to re-enter the car. During the ensuing scuffle, the police officer had occasion to notice in the car a black typewriter case and an open valise containing a checkwriter. These items were introduced into evidence at appellant's trial over his objection.

The elements of the crime of receiving stolen property are: (a) the property must be received; (b) it must, at the time of its receipt, be stolen property; (c) the receiver must have guilty knowledge that it is stolen property; (d) his intent in receiving it must be fraudulent. *Jordan v. State,* 219 Md. 36; *McGlothlin v. State,* 1 Md. App. 256. We are satisfied that, under the evidence presented, the trial judge could properly find the existence of all these elements and find appellant guilty beyond a reasonable doubt. *McCray v. State,* 236 Md. 9. Therefore, appellant's contention that he was convicted on insufficient evidence is without merit.

Appellant contends that he did not commit a misdemeanor in the presence of a police officer and was therefore illegally arrested. The police officer testified that, after appellant identified himself as the operator of the car, when requested to produce his operating license and registration card, he was unable to do

so. This constituted a violation of Sections 31 and 97 of Article 66½ of the Annotated Code of Maryland. Furthermore, appellant was under the influence of alcohol at the time the police officer accosted him, and he admitted that he had been the driver of the automobile. Under the circumstances, the police officer was justified in believing that a misdemeanor was being committed in his presence, and the arrest was lawful. *LeFaivre v. State,* 208 Md. 52.

Given the legality of the arrest, it is elementary under the circumstances such as are present in this case that the subsequent search was authorized, and the fruits of that search admissible into evidence. *Nestor v. Maryland,* 243 Md. 438; *Crowe and Williston v. State,* 240 Md. 144; *Knotts v. State,* 237 Md. 417; *Braxton v. State,* 234 Md. 1. The police officer was struggling with Dixon, whose conduct had justifiably aroused his suspicions. The officer was aware that checkwriters had been stolen in the past and had a personal friend from whom an identical one had been stolen. Moreover, the articles were in plain sight and the car was not subjected to an exploratory search. See *Shipley v. State,* 243 Md. 262; *Anderson v. State,* 237 Md. 45; *Peal v. State,* 232 Md. 329; *Jenkins v. State,* 232 Md. 529. The trial judge committed no error in admitting the seized articles into evidence.

An accosted suspect need not be advised that he has a right to presence of counsel before he can be questioned, for there is no such right. The requirements of *Escobedo v. Illinois,* 378 U. S. 478 and *Miranda v. Arizona,* 384 U. S. 436 apply only where the suspect is undergoing "custodial interrogation." *Duffy v. State,* 243 Md. 425; *Gaudio and Bucci v. State,* 1 Md. App. 455. Therefore, appellant's contention that the admission made before arrest, without benefit of counsel, was improperly admitted into evidence, is clearly groundless.

Appellant has not been subject to double jeopardy. A man tried on an indictment later found to be invalid is not placed in double jeopardy by a later trial on a valid new indictment. *Tate v. State,* 236 Md. 312; *Sadler v. State,* 1 Md. App. 383. Defendant's motion to quash the earlier indictment was granted as a result of *Schowgurow v. State,* 240 Md. 121. Clearly, his reindictment and retrial did not place him in double jeopardy.

As to the allegation of illegal detention at the Maryland House of Correction pending reindictment, we hold that, even if true, such contention would not entitle appellant to reversal of his judgment of conviction or to a new trial.

*Judgment affirmed.*