## MINNIE JACKSON *v.* STATE OF MARYLAND

[No. 120, September Term, 1968.]

*Decided November 19, 1968.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Nelson R. Kandel* for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Michael Kaminkow, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The question presented on this appeal is whether the evidence was sufficient to sustain the appellant's conviction of receiving stolen goods. As the appellant was found guilty by the Criminal Court of Baltimore, sitting as a jury, our function is to determine whether the judgment of the trial court was clearly erroneous on the evidence. Md. Rules, 1086. See *Williams v. State,* 5 Md. App. 450. We find that it was.

The State produced a store detective for Hochschild Kohn & Co. Inc. who testified that on 16 August 1967 about 4:00 P.M. he was in the store at Howard and Lexington Streets "making my rounds." He received word to go to the record department. In the record department he saw a young man take a couple of albums and place the munder his jacket. At that point the appellant and another girl came into the department and approached the young man. He put the records back and all three walked out of the store to Lexington Street. The detective went to the Hochschild Kohn store at Eutaw and Saratoga Streets. He noticed that the three persons he had seen in the record department had come into the store and "were hanging around these leather coats." The appellant, who was carrying a large bag, grabbed a leather jacket off the rack and all the detective could see was her "hand go down" because the other girl was holding up a dress, obstructing the view. The young man "disappeared" and the two girls proceeded toward a door leading from the store. They stopped. The girl again held up the dress and the appellant tried to take the

leather (suede) jacket out of the bag she was carrying. The detective arrested the two girls. The suede jacket, valued at $69, was identified as the property of Hochschild Kohn & Co. Inc., which was shown to be a corporation as alleged in the indictment. The appellant offered no evidence. The court granted a motion for judgment of acquittal as to the first four counts of the indictment and found the appellant guilty of receiving stolen goods charged in the fifth count. She was sentenced to two years to run concurrently with a sentence she was then serving.[1]

We do not think that this evidence, either directly or by rational inferences therefrom, was sufficient for the trial court to be convinced beyond a reasonable doubt that the appellant was guilty of receiving stolen goods. While it showed that she stole the suede jacket,[2] it did not prove the elements necessary to establish the crime of receiving stolen goods, for it did not show that she "received" stolen goods. See *Dixon v. State*, 1 Md. App. 623. It is firmly established that a person who is a principal thief cannot be found guilty of criminally receiving the goods stolen, for the reason that he cannot receive from himself. *Osborne v. State*, 4 Md. App. 57, 60.[3] Since the evidence was not legally sufficient to sustain the conviction, the

---

1. At the penalty stage of the proceedings it was shown that the appellant had prior criminal convictions for larceny and shoplifting and had twice violated the terms of probation imposed when sentences were suspended. She claimed that she had become a drug addict in 1963 when she was 17 years old and now had "an eighty dollar a day habit." She stole to support the habit and requested that she receive treatment.

2. It may also have been sufficient to show that the appellant violated the statutory proscriptions with regard to shoplifting, Md. Code, Art. 27, § 551A.

3. If the receiving takes place subsequent to and after the completion of the larceny, one who participated in such crime as a confederate of the thief may nevertheless be convicted of receiving stolen property, but the rule is otherwise if the receiving is embraced in the caption and asportation. *Osborne v. State, supra*, at 60. In the instant case there was no evidence whatsoever that the appellant was other than the principal thief or that she received any goods subsequent to the larceny.

428

judgment of the trial court on the evidence was clearly erroneous and we must set it aside.

*Judgment reversed; case remanded
for a new trial.*