Louis BRAXTON, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 69-C-22-L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Aug. 1, 1969.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* on June 10, 1969, in this court by Louis Braxton,

a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner is presently serving a ten (10) year sentence imposed upon him by the Corporation Court of the City of Lynchburg, on October 9, 1967, for malicious wounding. Petitioner appealed his conviction to the Supreme Court of Appeals of Virginia, but the conviction was upheld.

Subsequently, on September 23, 1968, petitioner filed a petition for a writ of habeas corpus *ad subjiciendum* with the trial court. After the court appointed an attorney for petitioner, a full hearing was afforded petitioner on his contentions. Petitioner presented some of the claims in that writ that he presents here. On February 18, 1969, the trial court dismissed and denied the petition. The petitioner has not given the Supreme Court of Appeals an opportunity to review the trial court's decision.

This court finds that petitioner did not comply with 28 U.S.C. § 2254(b). This section provides that the state remedies must be exhausted unless "[T]here is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." There are no facts in this case which excuse the exhaustion of state remedies.

Exhaustion requires that the claim be presented once to the highest tribunal in the state. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). Petitioner did not present on direct appeal from his conviction any of the claims presented here. Petitioner did not allow the Supreme Court of Appeals by way of a writ of error to hear the claims presented to the trial court in the petition for the writ of habeas corpus. The Supreme Court of Appeals has never been given the opportunity to hear the claims presented by petitioner to this court.

It is therefore adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.