**Carlton Sidney DANIELS, Petitioner,**

**v.**

**A. E. SLAYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–21–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

May 21, 1971.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed in forma pauperis by Carlton Sidney Daniels, a state prisoner, pursuant to the provisions of Title 28 U.S.C. sections 2241 and 2254. Petitioner is currently serving two sentences totalling twenty years pursuant to a judgment of the Corporation Court for the City of Lynchburg imposed on December 13, 1967 for robbery and malicious wounding.

Petitioner, represented by court appointed counsel, entered a plea of not guilty, waived his right to a jury trial and was tried by the court. Petitioner sought a continuance at the time of trial alleging that until then he had been unable to recall names of prospective witnesses and to otherwise contribute meaningfully to his defense. Such motion for a continuance was denied by the trial court and the trial proceeded as scheduled. Petitioner was found guilty and sentenced to fifteen years in the penitentiary on the robbery charge and five years on the malicious wounding charge, to be served consecutively.

Following his conviction, the petitioner, assisted by different court appointed counsel, perfected an appeal to the Virginia Supreme Court of Appeals alleging that the finding of guilt was not supported by the evidence adduced at the trial and that the trial judge had abused his discretion in disallowing the petitioner's request for a continuance. The Virginia Supreme Court of Appeals denied the petitioner's writ of error and supersedeas.

Petitioner's main contention as set forth in his petition for federal habeas corpus relief is that the identification process involved in his arrest was constitutionally infirm in that he was subjected to what is commonly referred to as a "show up" where he was identified by the robbery and wounding victim shortly after the incident while he sat alone in a police vehicle. He also alleges that he was denied the effective assistance of counsel at his trial and on appeal. These contentions were never brought out either before or during the petitioner's trial and further were not included in the assignments of error advanced to the Virginia Supreme Court of Appeals on direct appeal. The petitioner has not sought to have these allegations reviewed by the state courts in a

collateral proceeding since he has not petitioned for state habeas corpus relief.

Therefore, it is unnecessary for this court to reach the questions presented because it is apparent that the petitioner has not exhausted his available state court remedies. It is unfortunate that state prisoners often prefer the federal courts to the extent of ignoring the concurrent jurisdiction of the state courts which have the primary duty of assuring the constitutionality of state trials. This court certainly has the power to afford the relief sought, but that is not enough. It is "unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950), quoted with approval in Fay v. Noia, 372 U.S. 391 at 420, 83 S.Ct. 822, 839, 9 L.Ed.2d 837 (1963) and Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967).

■ In the present petition, these two questions have never been presented to any court of the state, trial or appellate, and there has been no factual development concerning either of the charges in any of the prior proceedings. Thus, although an appeal of the conviction was perfected upon the trial proceedings, the issues of improper identification and ineffective counsel were never before the Virginia Supreme Court of Appeals. It is therefore necessary to resort to collateral proceedings for proper presentation of the petitioner's claims. Where the state provides an adequate and available method for bringing the necessary collateral attack on the conviction, those remedies must be pursued before a federal court will consider the merits of a habeas corpus petition raising the same contentions. Thompson v. Peyton, 406 F.2d 473, 475 (4th Cir. 1968) and Ganger v. Peyton, supra.

■ The general rule concerning exhaustion of state remedies is of course that after the issues have been "properly presented" on direct appeal to the highest state court to which resort may be had, a federal habeas corpus petitioner will be deemed to have fully exhausted his available state remedies since further resort to the state court may fairly be considered futile once the state's highest court has spoken to the issue. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960); Edmondson v. Warden, Md. Penitentiary, 335 F.2d 608 (4th Cir. 1964); Massey v. Peyton, no. 11,280 memo dec. (4th Cir. 1967) and Thompson v. Peyton, supra.

However, Ganger v. Peyton, supra, helps develop exactly what is meant by "properly presented" on appeal. *Ganger* does not represent an exception or an abrogation of the general rule, but merely stands for the proposition that "a direct appeal will suffice to exhaust state remedies if the factual matters necessary for a determination appear on the face of the trial record without the necessity of developing the facts in a supplemental proceeding." Thompson v. Peyton, supra. In the present case, the court is convinced that the issues of illegal identification and ineffective counsel cannot be decided on the merits because the record is insufficiently developed.

There is nothing to indicate whether or not there was a valid independent basis for the in court identification or the exact circumstances surrounding the prior identification while in police custody. The record is also barren as to any additional facts concerning the alleged ineffectiveness of counsel. As the Fourth Circuit has recently noted in Ganger v. Peyton, supra, 379 F.2d at 710,

> Seldom does the ineffectiveness of counsel appear on the face of the trial record without the necessity of developing the facts in respect to counsel's conduct in a supplemental proceeding.

Without these and other relevant facts having been brought to the attention of the state courts, it cannot be said that the issues have been "properly presented" to the state courts. Denial of relief

on appeal does not mean that consideration of petitioner's contention is foreclosed in the state courts. Petitioner should have petitioned the Corporation Court for the City of Lynchburg for a writ of habeas corpus advancing his claims. Such a remedy is still available in the state courts. Thus, petitioner has not exhausted his available state court remedies in compliance with 28 U.S.C. Section 2254.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed. This dismissal is without prejudice to the refiling of petitioner's claims after available state remedies have been exhausted.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.