**Louis BRAXTON, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–C–26–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

June 7, 1971.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes to the attention of this court upon a petition for habeas corpus, filed in forma pauperis by Louis Braxton, a state prisoner, pursuant to the provisions of Title 28 U.S.C. sections 2241 and 2254. Petitioner is currently serving a sentence of ten years pursuant to a judgment of the Corporation Court for the City of Lynchburg imposed on October 9, 1967 for malicious wounding.

Petitioner, represented by court appointed counsel, entered a plea of not guilty and elected to be tried by a jury. At the petitioner's trial he was convicted of malicious wounding as charged and his punishment set at ten years in the state penitentiary. Petitioner, assisted by court appointed counsel, sought and perfected an appeal to the Virginia Supreme Court of Appeals which refused his writ of error and supersedeas. Since then, the petitioner has sought both state and federal habeas corpus relief on a variety of allegations. Two such petitions have been received by the Corporation Court of the City of Lynchburg, both of which have been dismissed for failure to substantiate his allegations of constitutional infringements made in his written petition. His first petition for habeas corpus relief was denied by the state court upon the trial transcript alone. However, in regard to his second petition in the state courts, the petitioner was afforded a plenary evidentiary hearing on January 16, 1969 before the Corporation Court for the City of Lynchburg. Neither of the two unsuccessful state habeas corpus proceedings have been appealed to the state's highest court.

The petitioner has also sought review of his state court conviction by filing a petition for a writ of habeas corpus in the federal courts on June 10, 1969. This court held then in Braxton v. Peyton, 302 F.Supp. 234 (1969) that the petitioner had failed to present his claims to the highest state tribunal either on appeal from his conviction or on a writ of error from the trial court's denial of habeas corpus relief and that he was therefore barred at that time from seeking federal habeas corpus relief. Since that decision in August of 1969, the petitioner has still not presented any of his claims, past or present, to the Virginia Supreme Court of Appeals. The petitioner seems to have dropped some

of his allegations made in earlier proceedings, retained the majority of them and has even added a couple of new grounds for the invalidity of the state trial in his present federal habeas corpus petition.

However, the present petition suffers from the same infirmity as the last in that none of his claims have been presented to the state's highest court in any manner whatsoever. This court again finds that the petitioner has not complied with Title 28 U.S.C. section 2254 (b) which provides that the petitioner's available state remedies must be pursued and exhausted unless "[T]here is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." Again, there are no facts in this case which would excuse the exhaustion of available state remedies.

■ Exhaustion requires that the claim must be presented once to the highest tribunal in the state. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). It is a matter of great concern that state prisoners often prefer the federal courts to the extent of ignoring the jurisdiction of the state courts whose primary duty it is to assure the constitutionality of state trials. This court has the power to afford the relief requested, but power alone is not enough. Respect must be had for the orderly functioning of our dual court system. It is "unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950) quoted with approval in Fay v. Noia, 372 U.S. 391 at 420, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and Ganger v. Peyton, 379 F.2d 709 at 710 (4th Cir. 1967).

■ Where the state provides an adequate and available method for bringing the necessary collateral attack on the conviction, those remedies must be pursued before a federal court will consider the merits of a habeas corpus petition raising the same contentions. Thompson v. Peyton, 406 F.2d 473, 475 (4th Cir. 1968) and Ganger v. Peyton, supra. The general rule concerning the exhaustion of state remedies is of course that after the issues have been "properly presented" on direct appeal to the highest state court to which resort may be had, a federal habeas corpus petitioner will be deemed to have fully exhausted his available state remedies since further resort to the state court may fairly be considered futile once the state's highest court has spoken to the issue. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960); Edmonson v. Warden, 335 F.2d 608 (4th Cir. 1965); Massey v. Peyton, no. 11,280 memo. dec. (4th Cir. 1967) and Thompson v. Peyton, supra.

■ In the present case, none of the petitioner's present claims were apparent from the trial record and therefore were not presented to the state's highest court. Resort was later had to a collateral habeas corpus proceeding in order to develop sufficient facts regarding the petitioner's claims which weren't apparent from the record. At that evidentiary hearing, the trial court held that the petitioner had not substantiated his claims set forth in his written petition. This decision of the trial court, based upon a fully developed habeas corpus hearing, has never been reviewed by the state's highest court in any manner whatsoever. Also, some of the petitioner's present allegations have never even been presented to the state's trial court. Thus, it is clear that the petitioner has not exhausted his available state remedies in compliance with Title 28 U.S.C. section 2254.

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed. This dismissal is without prejudice to the refiling of petitioner's claims after available state remedies have been exhausted.

If the petitioner wishes to appeal this judgment or any part thereof, he may

do so by filing with the clerk of this court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. the party or parties taking the appeal;

2. the judgment, order or part thereof appealed from; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.